# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>KIRK RC MICKELSON,<br><br>                    Defendant. | Case No. 14-CR-112-1-JPS<br><br>**ORDER** |

**1.    BACKGROUND**

Defendant filed requests for compassionate release due to COVID-19, as well as several follow-up submissions. ECF Nos. 452, 456, 466, 469, 470. The Court referred the matter to Federal Defender Services, which declined to file a supplement on behalf of Defendant. ECF No. 455. The Court then ordered the Government to respond, ECF No. 457, which it did, ECF No. 458. The Government also filed a motion to seal, ECF No. 459, which the Court will grant. Without further briefing on the matter, the Court finds that there is a sufficient record on which it may deny Defendant's motion for compassionate release.[1]

---

[1] The Court will address the merits of the motion. With due regard for the fact that the Government raised Defendant's failure to exhaust his administrative remedies, Defendant has provided proof that he subsequently exhausted his administrative remedies and then filed a second motion for compassionate release, which the Government did not oppose. *See* ECF Nos. 469, 470, 470-1. In 97-CR-98-13, the Court reached the merits of a compassionate release motion under similar circumstances. Therefore, the Court will address the merits of the motion, with the understanding that Defendant's second motion is the operative motion in this case. The Court will refer to the Government's original response to the extent that it is relevant to Defendant's second motion.

2.  **FACTS**

Defendant is serving a one-hundred-and-forty-two-month federal sentence after pleading guilty to a conspiracy to import and distribute Methylone. This sentence was below-guidelines and within the range contemplated by the parties in their plea agreement. The sentence reflects a firearm enhancement, an enhancement for Defendant's leadership role in the scheme, and an enhancement for the weight of the substance in question. *See* ECF No. 336 at 3–6. Defendant is currently detained at Federal Correctional Institution at Milan ("FCI-Milan") in Milan, Michigan. His projected release date is in 2024.

In his submissions, Defendant asks the Court to release him from prison for a variety of reasons. He explains that he has sufficiently rehabilitated, that the cost of keeping him incarcerated outweighs the benefit that he could be if returned to his community, and that, through his sobriety, he has developed an understanding of why he acted the way he did in his earlier life. Indeed, it appears that Defendant has taken full advantage of prison programming: he received his HVAC certification, as well as a health and fitness instructor certification, and his prison record is excellent. He has been removed from a medium security prison to a camp and is expected to move to a half-way house in 2023. Defendant has also lost several family members, and he is eager to rebuild his connection with his remaining family.

Plaintiff's medical records also demonstrate a history of childhood asthma, seizures, and hypertension that was successfully treated in 2014–2015, all of which may result in a poor outcome should Plaintiff contract COVID-19. *See* ECF No. 460.

As of May 24, 2022, FCI-Milan reports that zero inmates and zero staff members have active cases of COVID-19.[2] Three inmate deaths have been reported, and 254 inmates and 87 staff have recovered from the virus.[3]

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis.

---

[2]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 24, 2022).

[3]*Id.*

Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii). The Sentencing Guidelines also explain that "extraordinary and compelling reasons" may arise in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 cmt.1(C).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.*

§ 1B1.13(B)(2). Relatedly, prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Thus, pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

The Court acknowledges that Plaintiff's history with asthma and hypertension may put him at an increased risk of severe COVID-19. However, in the past year, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[4] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[5]

In the Seventh Circuit, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of

---

[4] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[5] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). However, given the emergence of different COVID-19 strains and their varying abilities to evade vaccine-conferred immunity, a court must consider "the applicant's individualized arguments and evidence." *United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022).

An individualized look at Defendant's case instructs that compassionate release is not appropriate. Defendant's high blood pressure was treated successfully in 2015, *see* ECF No. 460 at 43. Additionally, his asthma does not appear to be an ongoing issue. *Id.* Overall, he does not appear to have a severely weakened immune system such that an extraordinary and compelling reason to release him exists. His medical records reflect a history of lower back and leg pain, possibly due to the fact that his legs are slightly unequal in length. Overall, he is a man in his early thirties who appears to be in relatively good health.

Additionally, although breakthrough infections can occur and new variants may evade vaccine-conferred immunity, vaccination and mask-wearing will reduce Defendant's risk of contracting the virus. Indeed, Defendant's health does not seem to be the motivating force behind his motion for compassionate release—the Court notes that the bulk of Defendant's motion appears to be focused on his rehabilitation. Defendant's successes in prison are no small feat, and he should be very

Page 6 of 7
Case 2:14-cr-00112-JPS   Filed 05/24/22   Page 6 of 7   Document 472

proud of his accomplishments. However, given the totality of circumstances, Defendant's situation does not rise to the level of warranting early release.

## 5. CONCLUSION

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's requests for compassionate release, ECF Nos. 456, 469.

Accordingly,

**IT IS ORDERED** that Defendant Kirk Mickelson's requests for compassionate release, ECF Nos. 456, 469, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 459, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge